**BLUE et al.**

v.

**CASTLEROCK PROPERTIES, INC.**

Hamilton County Municipal Court.

No. 95 CV 5405.

Decided Feb. 29, 1996.

4

*Beckman, Weil, Shepardson & Faller* and *Margaret A. Hilvert* for plaintiffs.
*Green & Green* and *Jennifer L. Layton,* for defendant.

TIMOTHY S. BLACK, Judge.

Plaintiffs having recovered upon their supplemental complaint for retaliation pursuant to Ohio's Landlord–Tenant Act, R.C. 5321.02, and the matter having come on for evidentiary hearing on February 21, 1996 on plaintiffs' prayer for recovery of attorney fees, the court hereby enters its findings of fact and conclusions of law as to an award of reasonable attorney fees.

## FINDINGS OF FACT

1. Plaintiffs David Blue and Norma Johnson Blue recovered upon their claim for retaliation. Their recovery reflects a high degree of success in this case.

2. In this case, the novelty and difficulty of the questions involved, and the professional skill required to perform the necessary legal services, were high.

3. The experience, reputation and ability of plaintiffs' trial counsel, Margaret A. Hilvert, Esq., is high.

4. Plaintiffs' trial counsel's hourly rate of $120 per hour as of February 1, 1996 is reasonable, as is her rate of $110 per hour prior to that. These hourly rates are modest when compared to the fee customarily charged in the community, as evidenced by the testimony of the expert witness, Frederick M. Morgan, Jr., Esq.

5. The seventy-nine hours of attorney time expended on the retaliation case is too high. Three of the hours are voluntarily withdrawn from consideration by plaintiffs.

6. Of the twenty-four hours spent solely in preparation for the trial, which trial lasted two and a half hours, the court finds that only twenty hours are reasonable. This finding comports with the expert witness's credible opinion that up to eight hours of preparation are appropriate for each hour of trial.

7. Of the other fifty-two hours in attorney time expended, the court finds that eighty percent of these hours, *i.e.*, forty hours, are reasonable, the court having deducted twelve hours attributable as cumulative or inappropriate.

8. The net sixty hours of attorney time multiplied by the applicable rates of $110 or $120 an hour gives rise to a lodestar product of $6,800.

## CONCLUSIONS OF LAW

1. When awarding reasonable attorney fees pursuant to Ohio statute, the trial court should first calculate the number of the hours reasonably expended on

the case times a reasonable hourly fee,[1] and then may modify that calculation by application of the factors listed in DR 2–106(B).[2]

2. Hilvert's hourly rate of $110 or $120 is reasonable.

3. The expenditure of sixty hours of attorney time on this case is reasonable and appropriate for inclusion in an initial calculation of a lodestar amount of attorney fees.

4. The court modifies upward by a multiplier of 1.3 the product of reasonable hours times reasonable rate in light of the applicability in this case of many of the factors set forth in DR 2–106(B), see Findings of Fact at 1–4, *supra*, and the court thereby arrives at a reasonable attorney fees award of $8,840.

WHEREFORE, the court by separate entry shall forthwith enter judgment in favor of plaintiffs and against defendant for recovery of reasonable attorney fees in the amount of $8,840, plus costs, pursuant to the Ohio Landlord–Tenant Act, R.C. 5321.02.

SO ORDERED.

*Judgment accordingly.*

---

**1.** *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464, citing *Hensley v. Eckerhart* (1983), 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40. The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the court to adjust the fee upward or downward. *Id.*

**2.** These factors are: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases, and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation. *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d at 145–146, 569 N.E.2d at 467.